**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SARAH REYNOLDS,

        Plaintiff,

vs.

WYNN RESORTS HOLDING, *et al.*,

        Defendants.

Case No.: 2:17-cv-02798-GMN-NJK

**ORDER**

Pending before the Court is Defendant Michael Pascucci's ("Pascucci") Motion to Dismiss, (ECF No. 26). Plaintiff Sarah Reynolds ("Plaintiff") filed a Response, (ECF No. 30), and Pascucci filed a Reply, (ECF No. 31). For the reasons discussed below, Pascucci's Motion to Dismiss is **DENIED**.[1]

## I. <u>BACKGROUND</u>

This case arises from alleged violations of Title VII and Nev. Rev. Stat. § 613.330 *et seq*. (Am. Compl. 1:20–24, ECF No. 6). Specifically, Plaintiff alleges that during her employment with Defendant Wynn Resorts Holdings, LLC ("Wynn"), her then supervisor, Pascucci, "subjected her to sexual advances, requests for sexual conduct, and other verbal or physical conduct of a sexual nature." (*Id.* ¶ 29). Plaintiff further alleges that "[a]s a result of the constant pressure from [Pascucci] to either have sex with him or quit, Plaintiff was constructively discharged from her employment with [Wynn], on or about February 6, 2017." (*Id.* ¶ 26). Plaintiff subsequently received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission ("EEOC") in August 2017. (*See id.* 2:20–22).

---

[1] Also pending before the Court is Pascucci's Motion to Set Aside Entry of Default, (ECF No. 27). Plaintiff filed a Non-Opposition, (Resp. 3:8–23, ECF No. 30), and Pascucci filed a Reply, (ECF No. 32). In light of Plaintiff's Non-Opposition, Pascucci's Motion to Set Aside Entry of Default is **GRANTED**.

On November 6, 2017, Plaintiff filed the instant action, and then filed the instant Amended Complaint, (ECF No. 6), on January 16, 2018. On January 26, 2018, Plaintiff left a copy of the Summons, Complaint, and Amended Complaint with Wynn's paralegal at the address of Wynn's registered agent. (Mot. 2:10–12, ECF No. 26); (*see* Resp. 2:14–17, ECF No. 30). Plaintiff then filed proof of service with the Court. Pascucci did not learn about this action until May 29, 2018, when Wynn's counsel called and informed Pascucci that default had been entered against him. (Mot. 2:14–17). On June 6, 2018, Pascucci filed the instant Motion to Dismiss for insufficient service of process. (*Id.* 8:5).

## II. **LEGAL STANDARD**

A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Federal Rule of Civil Procedure ("Rule") 4. *See Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Rule 12(b)(5) authorizes a defendant to move for dismissal due to insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). The plaintiff has the burden of demonstrating that service of process was valid. *See R. Griggs Grp. Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1102 (D. Nev. 1996). Actual notice of a lawsuit will not subject a defendant to personal jurisdiction "if service was not made in substantial compliance with Rule 4." *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (quotation omitted). If service of process is insufficient, the court has discretion to dismiss an action or to simply quash service. *See* Fed. R. Civ. P. 4(m); *SHJ v. Issaquah School Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006); *Filanto Spa*, 920 F. Supp. at 1102.

## III. **DISCUSSION**

Pascucci argues that Plaintiff's action against him should be dismissed because Plaintiff failed to complete proper service within 90 days of filing the Complaint. (Mot. 2:19–21, ECF No. 30). Pascucci maintains that he had already left his employment with Wynn by January 2018, when Plaintiff attempted to effectuate service on him. (*Id.* 2:9–11). Pascucci adds that

even if he would have been employed with Wynn at the time Plaintiff attempted to serve him, service would nevertheless be insufficient as Wynn's registered agent was not authorized to accept service on his behalf. (*Id.* 7:8–10).

Plaintiff responds that service was proper because she had a good faith belief that Pascucci was still Wynn's employee and because Wynn accepted service on Pascucci's behalf. (Resp. 3:22–25, ECF No. 30). Plaintiff also argues that dismissal is unwarranted because Plaintiff's inadvertence in properly effectuating service on Pascucci was due to good cause. (*Id.* 5:1–3). Lastly, Plaintiff argues that in the event the Court does not find good cause, the Court should exercise its discretion under Rule 4(m) and extend time to effectuate service. (*Id.* 9:26–10:2).

Pursuant to Rule 4(e), an individual must be served by delivering a copy of the summons and the complaint personally, leaving a copy at the person's dwelling or usual place of abode with a resident of suitable age and discretion, or delivering a copy to an agent authorized to receive service of process. An individual can also be served by following state law. Fed. R. Civ. P. 4(e)(1). Nevada's rules for serving individuals are identical to the federal rules. *See* Nev. R. Civ. P. 4(d)(6).

Here, Plaintiff attempted to effectuate service on Pascucci by leaving a copy of the Complaint, Amended Complaint, and Summons with Wynn's litigation paralegal. (*See* Resp. 2:14–17, ECF No. 30). However, nothing in the record supports the conclusion that service on Wynn's agent or litigation paralegal would satisfy any of the methods of service prescribed by Rule 4(e). By Plaintiff's own admission, Pascucci was not served personally. *Id.* Further, there is no indication that the offices of Wynn's agent are Pascucci's dwelling or usual place of abode. Lastly, Plaintiff has not shown that Wynn's agent or litigation paralegal were authorized to receive service of process on Pascucci's behalf. Plaintiff's "good faith belief" that Pascucci was still Wynn's employee and Wynn's alleged acceptance of service on

Pascucci's behalf are irrelevant. Consequently, the Court finds that Plaintiff has not met her burden to demonstrate service was proper.

Nevertheless, the Court will exercise its discretion to quash service under Rule 12(b)(5) rather than dismiss the claims against Pascucci. *See e.g. Patel–Julson v. Paul Smith Las Vegas, Inc.*, 2013 WL 1752897 (D. Nev. Apr. 23, 2013) (citing *Issaquah School District No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citation omitted)). Plaintiff will be given the opportunity to cure the error in service or request waiver of service pursuant to Rule 4(d).

Having determined to quash service, the next question is whether to extend the time to accomplish service under Rule 4(m), which provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In addition to the text of Rule 4(m), courts may consider other factors, such as the prejudice that would be suffered by a plaintiff in the event of a dismissal. *Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009).

Here, Plaintiff has not established good cause for the delay in serving Pascucci, thus the Court does not have a duty to extend time for service. Fed. R. Civ. P. 4(m). Indeed, Plaintiff's proffered reasons for her failure to timely serve Pascucci lack factual and legal basis. However, Plaintiff would be severely prejudiced if the Court dismissed the claims against Pascucci. As Plaintiff indicates in her Response, the Notice of Right to Sue received from the EEOC provides that she must file her action in federal court within 90 days of the Notice. (Resp. 6:7–10). Those 90 days expired several months ago. (*See id.*). Consequently, if her case were dismissed, she would not be able to refile the claims against Pascucci. In light of the severe prejudice Plaintiff would face, the Court finds that an extension of time to effectuate service is

appropriate. Plaintiff shall have 30 days from the entry of this Order to effectuate service on Pascucci. Plaintiff is further advised that failure to effectuate proper service on Pascucci by this deadline will automatically result in the dismissal of Plaintiff's claims against Pascucci with prejudice.

**IV.     CONCLUSION**

**IT IS HEREBY ORDERED** that Pascucci's Motion to Set Aside Default, (ECF No. 27), is **GRANTED**.

**IT IS FURTHER ORDERED** that Pascucci's Motion to Dismiss, (ECF No. 26), is **DENIED**.

**IT IS FURTHER ORDERED** that service of the summons and complaint on Defendant Pascucci is quashed pursuant to Rule 12(b)(5).

**IT IS FURTHER ORDERED** that Plaintiff shall have 30 days from the entry of this Order to effectuate service on Pascucci. Failure to effectuate proper service on Pascucci by this deadline will automatically result in the dismissal of Plaintiff's claims against Pascucci with prejudice.

**DATED** this __4__ day of March, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court